

# NUMBER 13-20-00034-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAY BEN TAYLOR,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 87th District Court
## of Leon County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Silva

Appellant Jay Ben Taylor appeals a judgment revoking his community supervision and adjudicating him guilty of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02. Appellant pleaded guilty pursuant to a plea agreement and was placed on deferred adjudication. Following revocation proceedings, wherein the trial court found a new assault allegation to be true, appellant was sentenced

to four years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Appellant's appointed appellate counsel has filed a brief stating that there are no arguable grounds for reversal of the judgment. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.[1]

## I. *ANDERS* BRIEF

In his brief, appellant's counsel states that he has diligently reviewed the entire record and has concluded that the "appeal presents no issues of arguable merit." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record preparatory to filing that response, and to

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.001.

seek review if we conclude that the appeal is frivolous; and (4) supplied appellant with a form motion for pro se access to the appellate record with instructions to sign and file the motion with the court of appeals within ten days by mailing it to the address provided. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MODIFICATION OF JUDGMENT

Where certain fees are assessed separate from court costs, the appellate court may modify the judgment to delete the improper financial assessments. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth.").

Pursuant to the Texas Local Government Code, the crime stoppers fee and compensation to crime victims fee are two such fees already accounted for as part of a

mandatory consolidated court costs assessed upon a felony conviction. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a), (e). As a consequence, the trial court cannot impose a separate crime stoppers fee or compensation to crime victims fee. *See Philmon v. State*, 580 S.W.3d 377, 383 (Tex. App.—Houston [1st Dist.] 2019), *aff'd*, 609 S.W.3d 532 (Tex. Crim. App. 2020) (concluding that a crime victims' compensation fee could not be assessed separately from the court costs charged for a felony conviction and affirming the judgment as modified); *Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.) (concluding and affirming the same where the trial court assessed a separate crime stoppers fee).

The record reflects that the trial court initially signed an "Order of Deferred Adjudication," assessing, in relevant part, $449.00 in court costs, a $50.00 crime stoppers fee, and a $50.00 "crime victims['] fund" fee. An attached "Conditions of Community Supervision" document contained a "Financial Conditions" section, which outlined the various fees imposed by the trial court, including a $50 "crime victim[s'] fund" fee and $50 crime stoppers fee listed separate from court costs. Further, the itemized bill of court costs, which accompanied appellant's conditions of probation, contained a breakdown of the $449.00 court costs, and there was no mention of the crime stoppers fee or "crime victim[s'] fund" fee. The trial court's final judgment additionally included the assessment of "$449.00 court costs, $1,500.00 fine, $50.00 crime stoppers [fee], [and] $50.00 crime victims['] fund [fee]." It is clear from the record that the trial court improperly assessed separate crime stoppers and crime victims' compensation fees. Accordingly, we modify the judgment to delete the $50 fee assessed for the crime victims' compensation fund and $50 fee assessed for crime stoppers.

## IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V. CONCLUSION

The trial court's judgment is affirmed as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of July, 2021.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.